# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30134
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES LAMAR KELLY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CR-268-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

James Lamar Kelly challenges the sufficiency of the evidence for his jury-trial conviction for interference, or attempted interference, with an aircraft, in violation of 18 U.S.C. § 32(a)(5) and 32(a)(8), performing, or attempted performance, of an act of violence against an individual on an aircraft, in violation of 18 U.S.C. § 32(a)(6) and 32(a)(8), and assault of a federal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officer, in violation of 18 U.S.C. § 111.  (He does not challenge his guilty-plea theft-of-mail conviction under the same indictment.)

Kelly moved for judgment of acquittal at the close of the Government's case, after the defense rested, and at the close of all of the evidence; accordingly, his claims are reviewed *de novo*.  *E.g.*, *United States v. Jimenez*, 509 F.3d 682, 690 (5th Cir. 2007) (citation omitted).  For determining whether the evidence was sufficient, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt".  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original) (citation omitted).

First, Kelly, who testified, challenges the sufficiency of the evidence supporting the three offenses by asserting he has consistently maintained he only fired "warning shots" away from the helicopter, which was involved in a marijuana-eradication search.  The verdict shows the jury believed testimony of a state trooper riding in the helicopter and that of the United States Army pilot flying it that Kelly pointed a firearm at the aircraft, shook the firearm, and fired shots in the direction of the aircraft, as well as the testimony of two law enforcement officers to whom Kelly admitted shooting at the helicopter.  This credibility finding "was within the sole province of the jury as the fact finder", which "[w]e will not second guess".  *United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994) (citations omitted).

Second, with respect to Kelly's assault-of-a-federal-officer conviction, he asserts the evidence was insufficient to establish an assault occurred because any threat was not witnessed by the pilot, but conveyed to the pilot by the trooper.  The pilot claims he saw Kelly shaking the firearm at him but was unable to concentrate on Kelly because he was flying the helicopter.  He heard

the trooper state that Kelly was shooting at them, and he trusted the trooper's assessment.  He then looked back and saw Kelly pointing the firearm at the helicopter.  The pilot felt fearful, threatened, and intimidated.  He took evasive action with the helicopter and flew away.  In the light of this evidence, a rational juror could find Kelly committed the assault beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 319.

Third, Kelly claims he lacked the requisite criminal intent to commit an assault against a federal officer because he did not know the pilot was a federal officer flying a military helicopter.  Rather, Kelly maintains he believed his actions were necessary for the lawful defense of himself or his property because he could not discern any markings on the helicopter; he gestured for it to identify itself or leave; and, he became fearful "it could have been drug smugglers" or "gun runners".

In *United States v. Feola*, the Supreme Court noted a defendant who does not know the victim is a federal officer, and who reasonably believes his actions are necessary to defend himself or his property, might lack the requisite criminal intent under 18 U.S.C. § 111.  420 U.S. 671, 686 (1975).  The Court was concerned with the possibility of a situation in which a federal officer fails to identify himself when his actions "might reasonably be interpreted as the unlawful use of force directed either at the defendant or his property".  *Id*.  In such a case, "one might be justified in exerting an element of resistance", precluding a finding of criminal intent.  *Id*.

The facts at hand do not reflect such a situation because the actions by the pilot or the helicopter could not reasonably be interpreted as the unlawful use of force against Kelly or his property, justifying the use of a deadly weapon.  Although Kelly testified the helicopter flew "extremely low" and hovered over his property, this description of the helicopter's behavior was rebutted by the

pilot and trooper, who testified the helicopter flew at an altitude of approximately 500 feet and did not hover over Kelly's property. Kelly also admitted he did not see any firearms on the helicopter. And, the jury was instructed that Kelly would not be guilty if there was a reasonable doubt he was unaware the pilot was a federal officer and if he acted only based on a reasonable good-faith belief that he needed to defend himself against an assault by a private citizen. *See Zuniga*, 18 F.3d at 1260.

AFFIRMED.